# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBIN SANDERS,              :   Civil Action No. 06-1406(NLH)
individually and on behalf  :
of her children           :
ROLAND SANDERS, RACHELLE D.  :
BISHOP, and ROSLYN SANDERS,  :   **OPINION**
                               :
                               :
       Plaintiffs,        :
                               :
     v.                  :
                               :
MICHAEL ROSENBERG and      :
MARIE ROSENBERG,          :
                               :
       Defendants.        :
                               :

**APPEARANCES:**

Jeffrey H. Sutherland, Esquire
Jeffrey H. Sutherland, PC
Linwood Commons
2106 New Road
Suite E-5
Linwood, NJ 08221

    *Attorney for plaintiffs*

Michael Dolich, Esquire
Bennett, Bricklin & Saltzberg
1601 Market Street
16th Floor
Philadelphia, PA 19103

    *Attorney for defendants*

**HILLMAN**, District Judge

    This matter has come before the Court on defendants' motion for summary judgment on plaintiffs' breach of contract claim, which is the only remaining claim in the complaint. For the

1

reasons expressed below, defendants' motion will be granted.

## BACKGROUND

This matter concerns defendants' alleged breach of contract resulting from mold in the townhouse plaintiffs rented from defendants.  On August 4, 1998, plaintiff Robin Sanders entered into a lease with defendants, Michael and Marie Rosenberg, to rent their townhouse in Mays Landing, New Jersey.  Ms. Sanders lived there with her three children, Roland, who is a minor, and Roslyn and Rachelle, who are both adults.  Roslyn moved out in November 2003, and the other three moved out on January 27, 2004.

During their tenancy, plaintiffs claim that the townhouse suffered from multiple leaks, which caused mold to develop. Plaintiffs claim that they saw water stains when they moved into the townhouse, and first saw active leaks in March 1999. Plaintiffs asked defendants to repair the leaks, but even though defendants sometimes attempted to repair the leaks, the leaks persisted and mold developed.  Plaintiffs allege that this mold caused them repeated and continuous respiratory illnesses, sleep disorders, and other illnesses.  Plaintiffs began to see physicians about their illnesses in approximately October 2003.

In December 2003, Ms. Sanders hired Coastal Environmental Compliance, LLC to conduct an indoor air quality and mold investigation.  A follow-up visit and testing on the property was conducted on January 26, 2004.  Plaintiffs left the property at

the end of January 2004 because the defendants were going to sell
it.

On December 29, 2005, plaintiffs filed a three-count
complaint against the defendants in New Jersey state court,
alleging negligence, breach of contract, and violation of New
Jersey's Consumer Fraud Act.  On March 24, 2006, defendants
removed the case to this Court.  Defendants moved for summary
judgment in their favor on all three of the claims against them.

In the Court's April 10, 2008 opinion, summary judgment was
granted on plaintiffs' negligence and New Jersey Consumer Fraud
Act claims.  Summary judgment was denied, however, on the breach
of contract claim because it was not clear whether plaintiffs
were seeking tort damages or contract damages.  In their
complaint, plaintiffs sought reimbursement of rent, compensatory
damages, attorneys fees, costs of suit, interest and any other
just and proper relief.  In their brief opposing summary
judgment, plaintiffs clarified that they were seeking contract
damages, i.e., rent reimbursement.  Because of that clarification
in plaintiffs' briefing, the Court afforded defendants the
opportunity to file another motion for summary judgment on
plaintiffs' breach of contract claim if they chose to do so.
Defendants have now moved for summary judgment in their favor on
plaintiffs' breach of contract claim.  Plaintiffs have not

opposed defendants' motion.[1]

## DISCUSSION

**A.    Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**B.    Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility

---

[1] Plaintiffs' opposition to defendants' motion was due May 19, 2008. Plaintiffs have failed to file their opposition, and have not otherwise contacted the Court.

determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

In circumstances where a nonmoving party fails to oppose the motion, Fed.R.Civ.P. 56(e) provides that the court may only grant the moving party's motion for summary judgment "if appropriate." A moving party's motion is appropriately granted when that party is entitled to judgment as a matter of law, and the court "will accept as true all material facts set forth by the moving party with appropriate record support." See Anchorage Assocs. v. V.I.

5

Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir.1990).

**C.   Analysis**

In their complaint, plaintiffs claim that defendants breached the express and implied warranty of habitability because of their failure to provide a safe residence.  Plaintiffs seek to recover for rent they paid during the time the townhouse was not maintained in a habitable condition.  In their motion for summary judgment, defendants do not argue that plaintiffs are unable to prove that there was a breach of the implied warranty of habitability.  Rather, defendants argue that plaintiffs have failed to fulfill their burden of proving damages.

In New Jersey, the breach of the express or implied warranty of habitability can constitute a tenant's defense to a landlord's claims against him, or a separate cause of action by a tenant against his landlord.  As explained by the New Jersey Supreme Court,

> [T]he covenant on the part of a tenant to pay rent, and the covenant-whether express or implied-on the part of a landlord to maintain the demised premises in a habitable condition are for all purposes mutually dependent.  Accordingly in an action by a landlord for unpaid rent a tenant may plead, by way of defense and set off, a breach by the landlord of his continuing obligation to maintain an adequate standard of habitability.  Furthermore a tenant may initiate an action against his landlord to recover either part or all of a deposit paid upon the execution and delivery of the lease or part or all of the rent thereafter paid during the term, where he alleges that the lessor has broken his covenant to maintain the premises in a habitable condition.

Berzito v. Gambino, 308 A.2d 17, 21-22 (N.J. 1973).

A prerequisite to maintaining a claim for breach of express or implied warranty of habitability is: 1) the tenant gave the landlord positive and seasonable notice of the alleged defect; 2) the tenant requested its correction; and 3) the tenant allowed the landlord a reasonable period of time to effect the repair or replacement. Id. at 22.

Additionally, not every defect or inconvenience will be deemed to constitute a breach of the covenant of habitability-- "the condition complained of must be such as truly to render the premises uninhabitable in the eyes of a reasonable person." Id. Factors to be considered in determining whether a residence is inhabitable are:

> 1. Has there been a violation of any applicable housing code or building or sanitary regulations?
> 2. Is the nature of the deficiency or defect such as to affect a vital facility?
> 3. What is its potential or actual effect upon safety and sanitation?
> 4. For what length of time has it persisted?
> 5. What is the age of the structure?
> 6. What is the amount of the rent?
> 7. Can the tenant be said to have waived the defect or be estopped to complain?
> 8. Was the tenant in any way responsible for the defective condition?

Id. This list is intended to be suggestive rather than exhaustive; and each case must be governed by its own facts. Id. If the alleged breach on the part of the landlord is proven, the tenant will be charged only with the reasonable rental value of

7

the property in its imperfect condition during his period of occupancy.  Id.

Here, the Court assumes for the purposes of summary judgment that defendants have breached the express and implied warranty of habitability because they do not argue otherwise in their unopposed motion for summary judgment.

Turning to a tenant's remedies for such a breach, a tenant has three possible options open to him after a landlord breaches the implied warranty of habitability.  Drew v. Pullen, 412 A.2d 1331, 1333 (N.J. Super. Ct. App. Div. 1980).  First, a tenant may "regard the breach as a constructive eviction and quit the premises without further liability to the landlord for rent[.]" Id.  In order to make a claim for constructive eviction, the tenant must abandon or vacate the premises because of the landlord's wrongful act.  Weiss v. I. Zapinsky, Inc., 167 A.2d 802, 805 (N.J. Super. Ct. App. Div. 1961).  Second, a tenant may also "give notice to the landlord of the defect and if the landlord fails to remedy the condition, the tenant himself may do so, deducting the reasonable cost of repair from his rent[.]" Drew, 412 A.2d at 1333.  Finally, a tenant may "seek from the court an abatement of rent calculated on the basis of the difference, if any, between the rent reserved and the market value of the premises in their defective condition[.]"  Id.

Here, plaintiffs did not avail themselves of the first two

options because they did not quit the premises because of the mold, and they did not attempt to make any repairs because of the mold.  Plaintiffs testified that they only moved out because defendants were selling the premises, and plaintiffs have not submitted any evidence that they made any repairs.  Therefore, plaintiffs have failed to establish that they are entitled to damages for constructive eviction or reimbursement of the costs of repairs.

With regard to the third option of rent abatement, defendants argue that plaintiffs are not entitled to rent abatement because they failed to bring a claim for rent abatement during the period of tenancy, and because New Jersey law bars any retroactive rent reimbursement.  Defendants' argument is unavailing.  Even though plaintiffs brought their action two years after leaving the premises, New Jersey courts have allowed tenants to recover rent that has already been paid to the landlord in an implied warranty of habitability action against his landlord brought after the tenant has vacated the premises.  See Berzito, 308 A.2d at 18; Timber Ridge Town House v. Dietz, 338 A.2d 21, 23 (N.J. Super. Ct. Law Div. 1975) (calling the claim allowed in Berzito "in effect one for retroactive abatement").

For example, in Berzito, the New Jersey Supreme Court upheld the awarding of money damages in a action where the tenant

9

sought, after moving out of the apartment, to recover the difference between the rent actually paid and the fair market value for the period from the commencement of the tenancy until the time the tenant stopped paying rent. Berzito, 308 A.2d at 18.

The only time a tenant is barred from recovering rent that has already been paid is when the tenant is in a defensive posture in a summary dispossess action. C. F. Seabrook Co. v. Beck, 417 A.2d 89, 95 (N.J. Super. Ct. App. Div. 1980). New Jersey does not allow the filing of a counterclaim in summary dispossess actions and "the allegation [in a summary dispossess action] that the premises were uninhabitable during unrelated periods of time is akin to a counterclaim." Fargo Realty, Inc. v. Harris, 414 A.2d 256, 258 (App.Div. 1980).

Here, plaintiffs are not asserting a counterclaim, but rather are sitting in an offensive posture. Consequently, plaintiffs are not barred from bringing their breach of contract action merely because they no longer have a continuing obligation to pay rent.[2]

Defendants, however, are entitled to summary judgment on plaintiffs' claim for rent abatement for defendants' alleged

---

[2] To support their argument that there cannot be an after-the-fact cause of action for rent abatement, defendants cite to Drew v. Pullen, 412 A.2d 1331 (N.J. Super. Ct. App. Div. 1980). The quotation in defendants' brief is not found in Drew, however, and the Court cannot locate a case that contains that passage.

10

breach of implied warranty of habitability because plaintiffs
have not presented evidence establishing the measure of damages.
Although there does not appear to be any New Jersey case
specifically concerning the failure of a tenant to prove damages
in an implied warranty of habitability case, "in recent years,
New Jersey and other jurisdictions have shown an increasing
tendency to analogize landlord-tenant law to conventional
doctrines of contract law." McGuire v. City of Jersey City, 593
A.2d 309, 315 (N.J. 1991).  Under New Jersey contract law, the
plaintiff "has the burden of proof to establish all elements of
[his] cause of action, including damages." Cumberland County
Imp. Authority v. GSP Recycling Co., Inc., 818 A.2d 431, 442
(N.J. Super. Ct. App. Div. 2003).  In order to establish damages,
a plaintiff must show, as a threshold matter, that he actually
sustained damages and then prove the amount of damages to a
reasonable degree of certainty. Berlin Medical Assocs. v. CMI
New Jersey Operating Corp., 2006 WL 2162435 *7 (N.J. Super. Ct.
App. Div. 2006); American Sanitary Sales Co., Inc. v. State,
Dep't of Treasury, 429 A.2d 403, 435-36 (N.J. Super. Ct. App.
Div. 1981).  Damages in a contract action can be awarded when
there is uncertainty as to the amount. American Sanitary Sales,
429 A.2d at 406.  However, the awarding of damages is appropriate
only when there is sufficient evidence to "estimat[e] damages
with some reasonable degree of certainty" and cannot be based on

mere speculation.  Id.

A plaintiff has the burden of proving "the difference, if any, between the rent [paid] and the market value of the premises in their defective condition[.]"  Drew, 412 A.2d at 1333.  A defendant is entitled to point out deficiencies in the plaintiff's proof.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'-that is pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case.").

In the Court's previous Opinion, the Court noted that "there is no evidence presented to establish what would be the reasonable rental value of the property if it is found to have been uninhabitable."  Sanders v. Rosenburg, No. 06-1406, 2008 WL 1732980, *8 (D.N.J. Apr. 10, 2008).  By failing to oppose defendants' summary judgment motion, plaintiffs have again failed to present any such evidence.  Therefore, plaintiffs have not met their burden of establishing a breach of contract claim and defendants are entitled to summary judgment.

<u>**CONCLUSION**</u>

For the reasons expressed above, defendants are entitled to summary judgment on plaintiffs' claim for breach of the express and implied warranty of habitability.  An appropriate Order will be entered.

Dated: July 30, 2008               s/ Noel L. Hillman

At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.